UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11CV1010 HEA |
| ) | |
| $14,035.00 IN UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| Defendant. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Claimant Dennis McGinnist's Motion for 60(b) Relief, [Doc. No. 25]. Plaintiff opposes the motion. For the Reasons set forth below, the Motion is denied.

The Federal Rules of Civil Procedure, Rule 60(b) allows a party to seek relief from an order if the party can prove mistake, inadvertence, surprise, excusable neglect, or for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1) and (6).

On June 3, 2011, Plaintiff filed its Verified Complaint against Defendant. Claimant filed a "Verified Affidavit" on July 26, 2011, which Plaintiff construed as a verified claim to the defendant property, and an Answer. On August 1, 2011, Claimant filed a "Motion to Compel" requesting that the Verified Complaint be

dismissed.

On August 3, 2011, Plaintiff served Special Interrogatories on Claimant, as provided in Rule G(6) of the Supplemental Rules of Civil Procedure. Rule G(6) authorizes Plaintiff to serve interrogatories on a claimant, within 21 days of receiving a motion to dismiss, requesting claimant's identity and his relationship to the defendant property, in order to determine whether the claimant has standing to contest the forfeiture. The interrogatories were to be answered by August 24, 2011.

On August 9, 2011, Claimant filed a "Motion for Protective Order, arguing that he should not be required to answer the Special Interrogatories until such time as Plaintiff responded to his requests for documents. Claimant filed a "Supplemental Answer" on August 30, 2011.

On August 31, 2011, the Court issued its Order denying Claimant's Motion for Protective Order.

Claimant did not serve answers or objections to the Special Interrogatories on or before August 24, 2011. The Court granted Plaintiff's Motion to Strike Claimant's Claim and Answer on August 31, 2012.

Rule 60(b) provides, in pertinent part,

(b) On motion and just terms, the court may relieve a party or its legal

representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

The Eighth Circuit has noted that Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005). "The district court's decision to deny a Rule 60(b) motion will be reversed only for an abuse of discretion." *Id.*[2]

Claimant has not presented any grounds for this Court to reconsider its Order striking Claimant's claims based on his procedural failings, rather, Claimant attempts to argue the merits of his claim. Merely rearguing his claim does not provide the grounds upon which this Court should set aside its Order.

- 3 -

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for 60(b) Relief, [Doc. No. 25], is denied.

Dated this 5th day of August, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE